UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK W.  DARRAGH,

        Plaintiff,

vs.                                     Case No.: 6:14-cv-00104-JA-KRS

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY, a
foreign corporation,

        Defendant.

_____/

## NATIONWIDE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL MORE COMPLETE ANSWERS TO INTERROGATORIES

Defendant, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY ("NATIONWIDE"), by and through undersigned counsel hereby files its Response in Opposition to Plaintiff's Motion to Compel More Complete Answers to Interrogatories, and in support thereof, states as follows:

1.      On or about December 22, 2006, MARK W. DARRAGH ("Plaintiff") filed a lawsuit against NATIONWIDE for underinsured motorist ("UM") benefits, in an action entitled *Darragh v. Nationwide Mutual Fire Ins. Co*, Case No. 2006-CA-002655, which is currently pending in the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida ("the Underlying Action").

2.      The Underlying Action proceeded to trial, and on or about July 24, 2009, resulted in a jury verdict in favor of Plaintiff in the amount of $3,994,461.63. Final Judgment was later entered against NATIONWIDE on September 14, 2010.

3.     Following the entry of Final Judgment, NATIONWIDE appealed to the Fifth District Court of Appeals, arguing that the trial court erred in refusing to instruct the jury to reduce future economic damages to present value in rendering its verdict.

4.     The Fifth DCA agreed with NATIONWIDE, and on June 8, 2012, reversed the portion of the $3.99 million verdict awarding future economic damages and remanded for a new trial as to future economic damages only.

5.     On October 4, 2013, prior to the retrial of future economic damages, Plaintiff filed a Motion for Leave to File an Amended Complaint to add a first party bad faith cause of action against NATIONWIDE, while continuing to assert the UM cause of action.

6.     On January 9, 2014, the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida, allowed Plaintiff to amend his Complaint and add a bad faith count over NATIONWIDE's objections to same.

7.     Thereafter, on January 22, 2014, NATIONWIDE timely filed its Notice of Removal of Plaintiff's bad faith action with this Court [D.E. 1].

8.     The parties' attended the required Fed.R.Civ.P. 26(f) Case Management Conference on March 6, 2014. Then, and at the time of the subsequent exchange of Fed.R.Civ.P. 26(a)(1) disclosures, the retrial on Plaintiff's future economic damages was calendared for April 19, 2014.

9.     Since that date, the retrial has been continued three times.[1] As of the present, the trial on future economic damages is scheduled for the trial docket commencing on September 15, 2014 in the Eighteenth Judicial Circuit, in and for Seminole County, Florida.

10.    Despite the fact that the Underlying Action has not yet been fully and finally

---

[1] Notably, the retrial has been continued another time since NATIONWIDE responded to Plaintiff's Motion to Compel Responses to Request for Production of Documents. [Doc. 43].

resolved, on May 13, 2014, Plaintiff propounded upon NATIONWIDE discovery requests, seeking, *inter alia*, NATIONWIDE's documents and information from NATIONWIDE's entire claim and litigation files, relating to NATIONWIDE's investigation, evaluation, and handling of Plaintiff's UM claim.

11.     As Plaintiff's UM claim remains pending before the Eighteenth Judicial Circuit, in and for Seminole County, Florida, any discovery relating to Plaintiff's statutory bad faith claim is improper and Plaintiff is not entitled to same until the full and final resolution of said UM action.

12.     On or about June 6, 2014, NATIONWIDE filed a Motion to Stay Discovery with this Court. [Doc. 29]. Plaintiff responded to same and on July 6, 2014, this Court entered an Order denying NATIONWIDE's Motion without prejudice. [Doc. 33]. This Court did not rule on the merits of NATIONWIDE's Motion and instead reasoned that the denial was based on "conflicts with the Case Management and Scheduling Order." [*Id.*].

13.     For the reasons discussed herein, NATIONWIDE respectfully requests that this Honorable Court deny Plaintiff's Motion Compel.

## MEMORANDUM OF LAW

### I.     NATIONWIDE's discovery objections are proper.

Trial courts possess broad discretion in overseeing discovery and protecting the parties that come before them. *See Rojas v. Ryder Truck Rental, Inc.*, 641 So.2d 855, 857 (Fla. 1994). Inherent in this power is the courts ability to limit or prohibit discovery in order to protect parties from annoyance, embarrassment, oppression, and undue burden or expense. *See Rasmussen v. S. Fla. Blood Serv., Inc.*, 500 So.2d 533, 535 (Fla. 1987). In determining the scope of discovery, courts are provided with wide latitude. *See N. Florida Reg'l Hosp., Inc. v. Douglas*, 454 So.2d 759, 760 (Fla. 1st DCA 1984). Where the interests of justice and the convenience of the parties are better served,

the court may limit the sequence and timing of discovery. *See* FLA.R.CIV.P. 1.280(e). It is entirely

proper for a court to restrict discovery pending the determination of an issue. *See O'Keefe v.*

*O'Keefe*, 522 So.2d 460, 461 (Fla. 3d DCA 1988).

> A.  **Plaintiff is not entitled to any information and/or materials related to NATIONWIDE's underlying claim and litigation file prior to the full and final resolution of the underlying UM claim.**

A party may serve on any other party written interrogatories, provided that the interrogatories

relate to a matter that may be inquired into under Federal Rule of Civil Procedure 26. *See* Fed. R.

Civ. P. 33. At this time, NATIONWIDE has provided the best responses that it can to Plaintiff's

interrogatories without revealing protected work-product privileged information.[2] Florida law

requires that an underlying action for contractual UM benefits be fully resolved and concluded before

a first party bad faith action may be pursued. This necessarily includes any discovery requests related

to the subsequent bad faith case, such as what Plaintiff is seeking to compel from NATIONWIDE

in the instant action. *See XL Specialty Ins. Co. v. Skystream, Inc.,* 988 So.2d 96, 98 (Fla. 3d DCA

2008)(Discovery relating to the statutory bad faith claim may not be commenced until such time, if

ever, as the insured's coverage and extent of loss have been determined); *See also Gov't Employees*

*Ins. Co. v. Rodriguez,* 960 So.2d 794 (Fla. 3d DCA 2007). Plaintiff claims that NATIONWIDE

improperly and exclusively recites to buzz words and boilerplate objections in response to his

interrogatories. This is completely incorrect, as NATIONWIDE has made it abundantly clear in its

Response to Plaintiff's Request for Production, Response to Plaintiff's Interrogatories, Motion to

Stay Discovery, and Response to Plaintiff's Motion to Compel Responses to Plaintiff's Request for

Production that until the underlying UM action has been fully and finally resolved, Plaintiff is not

entitled to bad faith discovery.

---

[2]NATIONWIDE has also served Plaintiff with its verified responses to Plaintiff's Interrogatories.

The Florida Supreme Court addressed this very issue in *Allstate Indemnity Co. v. Ruiz*, and warned that "litigants who choose to file both actions simultaneously must recognize that **certain documentation relevant to the bad faith action may not be available for discovery until after resolution of the underlying matter**. However, when the underlying claim for benefits has been resolved, all files pertaining to the underlying dispute which produced the alleged bad faith are discoverable as in traditional common law third-party bad faith cases for failure to settle third-party claims." *See Allstate Indem. Co. v. Ruiz*, 899 So. 2d 1121, 1130 (Fla. 2005)(internal citations omitted)(emphasis added). While *Ruiz* addressed production of documents, this warning necessarily includes all discovery, including responses to interrogatories.

Plaintiff's underlying claim for UM benefits has not yet been fully resolved because there are aspects of same that remain pending before the Eighteenth Judicial Circuit, in and for Seminole County, Florida. To date, the Plaintiff has not yet had the full amount of his damages from the Underlying Action determined, and appellate remedies have not yet been exhausted. Therefore, consistent with the Florida Supreme Court's warning in *Ruiz*, because Plaintiff has chosen to pursue both the UM and bad faith action simultaneously, Plaintiff is not currently permitted access to information and/or materials related to NATIONWIDE's handling of the underlying claim and/or its related litigation file. This includes, but is not limited to, information regarding the handling, adjusting, and investigating of Plaintiff's UM claim. Moreover, Plaintiff cannot point to a single Florida case that says otherwise. Until the aforementioned aspects of the UM claim are resolved, the Underlying Action is not final, and Plaintiff should not be permitted to pursue bad faith discovery from NATIONWIDE.[3]

---

[3] Accordingly, NATIONWIDE concedes it should not (and in fact, has not) pursue bad faith discovery against Plaintiff until such time as well.

Moreover, despite's Plaintiff's assertion, this Court's Order on NATIONWIDE's Motion to Stay Discovery did not give Plaintiff permission to propound bad faith discovery upon NATIONWIDE. This Court did not rule on the merits of NATIONWIDE's Motion, and in fact simply stated that discovery should not be stayed because it "conflicts with the Case Management and Scheduling Order." [Doc. 33]. Instead, until the Underlying Action has been fully and finally resolved, Plaintiff will have to litigate this bad faith action that he chose to pursue simultaneously with his UM action without any bad faith discovery, within this Court's discovery deadlines.

**B.**      **Plaintiff is also not entitled to discovery that is irrelevant to the pending action.**

In addition to not being entitled to bad faith discovery, Plaintiff is also not entitled to discovery that is irrelevant to the pending action. *See* Fed. R. Civ. P. 33. Here, Plaintiff's Motion to Compel should be denied because Plaintiff seeks information that is irrelevant to the pending action. Plaintiff is engaging in an improper "fishing expedition." The scope of discovery is governed by Federal Rule of Civil Procedure 26, which provides, in relevant part, that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

> FED.R.CIV.P. 26(b)( 1).

According to the plain language of Rule 26, for information to be discoverable, it must be **relevant** to a party's claim or defense. *See id*. Evidence is either relevant to a party's claim or defense, or it is not. There is no broader understanding of relevance in the discovery context than there is in the admissibility context. As demonstrated by the last sentence of Rule 26 quoted above, **relevant** information may be discoverable in certain contexts even if it may not be admissible at trial. *See* FED.R.CIV.P. 26. In short, to be discoverable according to the plain language of Rule 26,

information **must be relevant to a claim or defense**. *See id*. The Court "need not condone the use of discovery to engage in 'fishing expeditions.'" *Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir. 2004). When relevance is not apparent on the face of the request, the party seeking the discovery bears the burden of demonstrating relevance. *See Rosenbaum v. Becker & Poliakoff, P.A.*, 2010 WL 623699 (S.D. Fla. 2010)("Where the relevancy of a request is not readily apparent on its face, the burden falls on the moving party to establish relevancy.").

_____Plaintiff has failed to provide this Court with *any* legitimate support necessary to demonstrate that his request with regard to Interrogatory No. 6. is relevant. *See Rosenbaum,* 2010 WL 623699. There was no underlying coverage dispute between NATIONWIDE and Plaintiff regarding his claim for UM benefits and NATIONWIDE did not raise a coverage defense in that regard. Accordingly, the underwriting file, its location, and the names, address and phone numbers of those who have knowledge of the information contained within said file is entirely irrelevant to the instant bad faith litigation. Such information relates solely to the creation of the policy and circumstances regarding same and have no relevance to Plaintiff's claim for UM benefits. Specifically, as stated *supra*, upon full and final resolution of the underlying UM action, an insured is entitled to production in a first-party bad faith action to materials contained in an insurer's **underlying claim file** that was created up to and including the date of resolution of the underlying disputed matter and pertain in any way to coverage, benefits, liability, or damages. *See Ruiz*, 899 So.2d at 1129-1130 (emphasis added). Thus, Plaintiff would only be entitled to the production of coverage materials which are contained in the claim file at that time. Again, Plaintiff makes no argument as to the relevancy of the underwriting file, and simply cites to cases in which the underwriting file has been found discoverable. However, despite Plaintiff's assertions as to discoverability, the underwriting file has no relation to Plaintiff's claim for UM benefits. The information requested will not shed any further

light on the manner in which NATIONWIDE handled Plaintiff's UM claim. As such, it is irrelevant and Plaintiff's Motion to Compel same should be denied.

### C.    Plaintiff's interrogatories are overly broad in time and scope.

NATIONWIDE does not dispute Plaintiff's entitlement to certain non-privileged discovery related to its underlying claim and litigation files once the underlying UM has been fully and finally resolved. However, Plaintiff's Motion should also be denied because Plaintiff's interrogatories are overly broad in time and scope, as same seek disclosure of information dated/created *after* the date of resolution of the underlying disputed matter, September 14, 2010. As fully discussed below, the appropriate discovery period in this statutory bad faith action is from the date of the Accident through the date of the Final Judgment in the Underlying Action, which is when Plaintiff was determined to be entitled to recover the full UM/UIM benefits under the Policy. *See Allstate Indem. Co. v. Ruiz*, 899 So. 2d 1121, 1129-30 (Fla. 2005). Information pertaining to NATIONWIDE's handling of Plaintiff's UM claim and associated litigation files created after the Final Judgment are irrelevant to the issue presented in this bad faith action- whether NATIONWIDE acted in bad faith in its handling of Plaintiff's claim for UM benefits. Any information and/or material contained in NATIONWIDE's claim and litigation files created after the final judgment are protected by the work-product doctrine. *See Ruiz*, 899 So. 2d at 1129-30. In *Ruiz*, the Florida Supreme Court stated in relevant part that:

> [an insurers' underlying claim and related litigation file materials that was] prepared after the resolution of the underlying disputed matter and initiation of the bad faith action **may be subject to production upon a showing of good cause** or pursuant to an order of the court following an in-camera inspection.

*Id.*

Here, Plaintiff **cannot establish** that information contained in NATIONWIDE's claim file created or dated *after* the entry of the Final Judgment is relevant to the present action, as any

information contained within NATIONWIDE's claim file post-judgment has no relevance to how NATIONWIDE handled the Plaintiff's UM claim. As such, those materials and information pertaining thereto are clearly irrelevant to the issue presented in this bad faith action. *See Ruiz*, 899 So. 2d at 128 (Fla. 2005)(concluding that "the claim file type material presents virtually the only source of direct evidence with regard to the essential issue of the insurance company's handling of the insured's claim."). Therefore, Plaintiff's Motion to Compel should be denied.

> **D.    Plaintiff's Interrogatory No. 12 impermissibly seeks to invade NATIONWIDE's work-product as to the present litigation.**

To provide Plaintiff with answers to Interrogatory 12 would invade the undersigned's work product by revealing to Plaintiff and/or his counsel its mental processes in preparing its case.  Courts are ". . . loathe to require a party to 'write basically a portrait of their trial' for the other parties." *Roberts v. Heim*, 130 F.R.D. 424, 427 (N.D. Cal. 1989). A contention interrogatory which requires a party to describe all facts supporting a party's claim intrudes upon counsel's protected work product. *See Oliver v.  City of Orlando*, 2007 WL 3232227, at *4 (M.D.Fla.  2007); *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985)(holding that the selection process of defense grouping documents out of thousands of documents produced in litigation reflected the defense counsel's mental impressions and legal opinions as to how the evidence and documents related to the issues in the case and were not discovery).

Essentially, Plaintiff is asking NATIONWIDE to provide Plaintiff with a "road map" to its entire case. This task would undeniably reveal NATIONWIDE's counsel's protected opinion work product. Civil discovery practice in Florida's district courts has become "plagued" with the overuse and misuse of "contention interrogatories," which generally require a party to "state the basis of particular claims, defenses, or contentions in pleadings." Middle District Discovery (2001), §

IV(A)(8) at 16. These interrogatories occupy a disfavored status in this District and "should be used sparingly." *Id.*; *Oliver v. City of Orlando*, Case No.: 6:06-CV-1671-ORL-31DAB, 2007 WL 3232227, at *3-4 (M.D. Fla. Oct. 31, 2007).

Contention interrogatories are not necessarily objectionable merely because they seek an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2). However, a contention interrogatory that "seeks 'all facts' supporting allegations within one paragraph of a complaint is overly broad and unduly burdensome on its face." *W. Res., Inc. v. Union Pac. R.R. Co.*, Case No.: 00-2043-CM, 2001 WL 1718130, at *2 (D. Kan. Nov. 26, 2001); *see also Grynberg v. Total S.A.*, Case No.: 03- CV-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006)(noting that the "discovery rules provide no absolute, unharnessed right to find out every conceivable, relevant fact that opposing litigants know").

Plaintiff's attempt to force NATIONWIDE's counsel to list every single fact that supports or contradicts NATIONWIDE's affirmative defenses in the present bad faith action, as well as identify every witness with said facts, is an even greater intrusion into the attorney's mental processes than the mere selection and culling of relevant documents. *See Oliver*, 2007 WL 3232227, at *4; *Freedman*, 2005 WL 2850307, at *1; *see also U.S. ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 564 (C.D. Cal. 2003)(noting that the process of culling, organizing, and summarizing factual information in a narrative form is even more subjective and analytical than compiling documents, and that both processes constitute opinion work product). Because NATIONWIDE's responses to Plaintiff's overbroad contention interrogatory would inevitably disclose counsel's mental impressions, conclusions, opinions and legal theories about NATIONWIDE's defense of the present action, Plaintiff's motion must fail. *See Cox v. Administrator U.S. Steel &Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994)(holding that opinion work product enjoys a nearly absolute immunity and can

be discovered only in very rare and extraordinary circumstances).

II.   **Allowing Plaintiff to pursue bad faith discovery at this time will cause irreparable harm to NATIONWIDE.**

Florida courts have determined that there is both irreparable harm to the insurer and a departure from the essential requirements of law when an insurer in a bad faith action is forced to produce materials and information related to its underlying claim and litigation file while the underlying action remains pending. In *State Farm Mut. Auto. Ins. Co. v. O'Hearn*, the Second DCA determined that the trial court had departed from the essential requirements of the law when it compelled the insurer to produce discovery related to its underwriting file, as well as all notes, minutes, memoranda and other documents relating to the insured's UM claim, and materials from its attorneys. The court ruled that the improper production of those otherwise privileged and protected documents would cause material injury to the insurer that could not be corrected in a later appeal, and until liability and damages were finally determined under the UM provisions of the insured's policy, the insured was not entitled to such discovery. *See State Farm Mut. Auto. Ins. Co. v. O'Hearn*, 975 So. 2d 633, 637-38 (Fla. 2d DCA 2008).

Similarly, in *State Farm Mut. Auto. Ins. Co. v. Tranchese*, the Fourth DCA quashed two orders of the trial court, one denying a motion to abate a statutory bad faith cause of action for failing to settle the UM claim, and the other order compelling the insurer to respond to discovery regarding its claims handling procedures and business practices. The court held that until the obligation to provide coverage and damages had been determined, a party is not entitled to discovery related to the claims files or to the insurer's business policies or practices regarding handling of claims. *See State Farm Mut. Auto. Ins. Co. v. Tranchese*, 49 So. 3d 809 (Fla. 4th DCA 2010); *See also Landmark Am. Ins. Co. v. Studio Imports, Ltd., Inc.*, 76 So. 3d 963, 964 (Fla. 4th DCA

2011)(Agreeing with its decision in *Tranchese*, the 4th DCA held that trial court was precluded from requiring insurer to defend against both insured's claims for breach of contract and statutory bad faith simultaneously).

Based on the above, it is clear that Plaintiff is not permitted to seek discovery relating to NATIONWIDE's claims handling, the adjustment or investigation into Plaintiff's UM claim, and/or its related litigation files, until full and final resolution of the Underlying Action for UM benefits. Moreover, compelling NATIONWIDE to produce said discovery prior to the full and final resolution of the Underlying Action for UM benefits will cause both material injury and irreparable harm to NATIONWIDE.

### III.   NATIONWIDE has produced all non-privileged materials in its possession prior to the September 14, 2010 entry of Final Judgment and a cumulative Privilege Log in Compliance with this Court's Order.

NATIONWIDE maintains that because the underlying UM action remains pending, Plaintiff is not entitled to the discovery of information contained within or related to NATIONWIDE's files that fall within the scope of the work-product privilege until same is fully and finally resolved. *See Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991); *Allstate Indem. Co. v. Ruiz*, 899 So.2d 1121, 1130 (Fla. 2005). However, in accordance with its objections to Plaintiff's discovery requests, NATIONWIDE has agreed and has since produced the documents in its possession and control that were dated/created up to the date of the September 14, 2010 Final Judgment, that would not fall within the attorney-client or work-product privilege, and that would also be discoverable by Plaintiff in the Underlying Action. NATIONWIDE has also produced a Cumulative Privilege Log in compliance with this Court's Standing Order.

### IV.   Conclusion

Florida's Second and Fifth District Courts of Appeal have already explained the significant

problems associated with bringing a bad faith claim in the same litigation as the underlying UM claim. *See King v. GEICO*, 68 So.3d 267 (Fla. 2d DCA 2011); *Allstate Ins. Co. v. Jenkins*, 32 So.3d 163, 165 (Fla. 5th DCA 2010). However, despite NATIONWIDE's objections, Plaintiff chose to do so anyway. Instead of facing the consequences of these problems, Plaintiff now attempts to undermine the Florida Supreme Court's ruling in *Ruiz* and improperly seek to compel discovery of certain information and documentation relevant to the bad faith action prior to the resolution of the underlying matter.

**WHEREFORE**, **NATIONWIDE MUTUAL FIRE INSURANCE COMPANY** respectfully requests that this Court enter an Order denying Plaintiff's Motion to Compel, and granting any further relief as this Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 14th ay of August, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/AMANDA L. KIDD
**B. RICHARD YOUNG**
Florida Bar No.: 442682
**AMANDA KIDD**
Florida Bar No.: 0093229
Young, Bill, Roumbos & Boles, P.A.
Post Office Drawer 1070
Pensacola, Florida  32591-1070
Telephone (850) 432-2222
Facsimile (850) 432-1444

ryoung@flalawyer.net
akidd@flalawyer.net
Attorneys for NATIONWIDE
MUTUAL FIRE INSURANCE
COMPANY

**SERVICE LIST**
**Mark W. Darragh v. Nationwide Mutual Fire Insurance Company**
**Case No.:**
**United States District Court, Middle District of Florida**

Michael S. Rywant, Esq.
Rywant, Alvarez, Jones, Russo & Guyton, P.A.
2440 S.W. 76th St.
Suite 130
Gainesville, FL 32608
(352) 333-3700 - phone
(352) 333-3706 - fax
msrywant@rywantalvarez.com
Stipton@rywantalvarez.com
Jmayo@rywantalvarez.com
Co-counsel for Plaintiff
*Via electronic filing*

Jeffrey M. Byrd, Esq.
Jeffrey M. Byrd, P.A.
2620 E. Robinson St.
Orlando, FL 32803
(407) 423-1313 - phone
407-422-5297 - fax
attorneybyrd@aggressiveattorneys.com
Terry@aggressiveattorneys.com
Co-counsel for Plaintiff
*Via electronic filing*