UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARK W. DARRAGH,**

   **Plaintiff,**

v.                Case No:  6:14-cv-104-Orl-41KRS

**NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,**

   **Defendant.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff Mark Darragh's Motion to Remand (Doc. 9) and Motion for Attorney Fees (Doc. 10). Defendant Nationwide Mutual Fire Insurance Company filed a Response to each motion (Doc. Nos. 12, 14), and Plaintiff filed a single Reply (Doc. 19). The United States Magistrate Judge submitted a report recommending that both Motions be denied. (Doc. 20). Plaintiff filed an Objection to the Report and Recommendation (Doc. 23), and Defendant filed a Response to Plaintiff's Objection (Doc. 26).

After an independent *de novo* review of the record in this matter, the Court agrees in part with the findings of fact and conclusions of law in the Report and Recommendation. For the reasons that follow, the Court will adopt the Report and Recommendation in part, grant the Motion to Remand, and deny the Motion for Attorney Fees.

**I. PROCEDURAL HISTORY AND MAGISTRATE JUDGE'S RECOMMENDATION**

Plaintiff filed an uninsured motorist claim against Defendant in state court on December 22, 2006, for damages arising out of an automobile accident that occurred in April 2004. (Am. Compl., Doc. 2, at 1; State Ct. Dkt. Summ., Doc. 1-3, at 8). The jury rendered a verdict in excess of the policy limit. (Jury Verdict, Ex. E to Notice of Removal, Doc. 1-2, at 12–13). The State

court entered a Final Judgment on September 14, 2010, limiting Plaintiff's recovery to the policy limit, but retaining jurisdiction to permit Plaintiff to amend his Complaint "to seek and litigate the issue of bad faith damages." (Final J., Ex. A. to Notice of Removal, Doc. 1-2, at 1).

On October 4, 2013, Plaintiff moved to amend his Complaint in State court to assert a statutory bad faith claim against Defendant. (Pl.'s Mot. to Amend, Ex. B to Notice of Removal, Doc. 1-2, at 3–4). The State court granted the Motion to Amend and deemed the Amended Complaint filed as of January 9, 2014. (Order, Ex. C to Notice of Removal, Doc. 1-2, at 13). Defendant filed its Notice of Removal on the basis of diversity jurisdiction on January 22, 2014. (Notice of Removal, Doc. 1, at 1). Plaintiff moved to remand the case to State court, arguing that removal was untimely because Defendant did not (1) remove within thirty days of the initial complaint, (2) remove within thirty days of the final judgment, (3) remove within thirty days of the motion to amend, (4) remove within one year of the commencement of the initial action, and (5) Defendant agreed to litigate the claim in State court. (Mot. to Remand, Doc. 9, at 7–18).

The Magistrate Judge recommended, and this Court agrees entirely, that Plaintiff's grounds (2), (3), and (5) lack merit. (Report & Recommendation, Doc. 20, at 16–20). As to grounds (1) and (4), the Magistrate Judge recommended the Court adopt the "separate and independent claim" doctrine and conclude that the deadlines for removal were reset on January 9, 2014, when the State court granted Plaintiff's Motion to Amend. (*Id.* at 11–15). Applying that logic, Defendant's Notice of Removal was timely filed. (*Id.*). Finally, the Magistrate Judge recommends that regardless of the outcome, Plaintiff's Motion for Attorney Fees be denied. (*Id.* at 21–23).

## II.   LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court may have original jurisdiction where both "the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States." 28 U.S.C. § 1332(a).

"The substantive jurisdictional requirements, however, are not the only hurdles that a removing defendant must clear. There are also procedural requirements regarding the timeliness of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010). "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b) (2006). [1] If the case is not immediately removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* "[A] case may not be removed on the basis of jurisdiction conferred by [§ 1332] of this title more than [one] year after commencement of the action." *Id.*

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted).

### III.  CONFLICTING AUTHORITIES

---

[1] On December 7, 2011, 28 U.S.C. § 1446 was amended, slightly altering the numbering of the provisions. The amended version applies only to "any action . . . commenced on or after [the] effective date." Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 105, 125 Stat. 758, 762 (emphasis added). In the case of removal, the action "shall be deemed to commence on the date the action . . . was commenced, within the meaning of State law, in State court." *Id.* Because this action commenced in December 2006 under Florida law, the 1996 version of § 1446 is applicable. Fla. R. Civ. P. 1.050.

Florida procedural practice has resulted in considerable confusion among federal district courts. Under state law, a statutory bad faith claim is "grounded upon the legal duty to act in good faith, and is thus separate and independent of the claim arising from the contractual obligation to perform." *Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 945 So. 2d 1216, 1235 (Fla. 2006) (quoting *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991)). "[A]n insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue." *Blanchard*, 575 So. 2d at 1291. Although these claims should not, therefore, exist in the same case, "Florida courts, in practice, routinely allow for the filing of such premature claims . . . either [] pled along with the underlying insurance claim and allowed to stand subject to stay or abatement, or allowed as an amendment to the original complaint, months or years later." *Ludwig v. Liberty Mut. Fire Ins. Co.*, No. 2:13-cv-212-Ftm-99SPC, 2013 WL 2406320, at *4 (M.D. Fla. June 3, 2013).

This peculiar practice conflicts with the procedural limitations of the removal statute, thereby creating a conflict among federal courts. The United States District Court for the Southern District of Florida has historically favored remand of these claims, while the Middle District has not. *Compare Potts v. Harvey*, No. 11-80495-CIV, 2011 WL 4637132, at *2–4 (S.D. Fla. Oct. 6, 2011) (granting motion to remand), *with Lahey v. State Farm Mut. Auto. Ins. Co.*, No. 8:06-CV-1949-T27-TBM, 2007 WL 2029334, at *1–2 (M.D. Fla. July 11, 2007) (denying motion to remand). Recent decisions of the Middle District have, however, questioned the continued validity of *Lahey* and its progeny. *See Barroso v. Allstate Prop. & Cas. Ins. Co.*, 958 F. Supp. 2d 1344, 1346–47 (M.D. Fla. 2013). The Eleventh Circuit has yet to consider the issue. *King v. Gov't Emps. Ins. Co.*, No. 13-14794, 2014 WL 4357480, at *3 (11th Cir. Sept. 4, 2014) (noting the division among the district courts but declining to resolve the question).

In *Lahey*, the court denied a motion to remand a bad faith claim where the state court allowed the plaintiffs to amend their complaint approximately five years after the initial case was filed. *Lahey*, 2007 WL 2029334, at *1. The court based its decision on the "separate and independent claim" doctrine, holding that the "bad faith claim is a separate and distinct cause of action" under Florida law and, therefore, the defendant "was entitled to remove the bad faith claim within [thirty] days of when it was filed." *Id.* at *2. Essentially, the *Lahey* court views the amended complaint as a new cause of action which resets the removal clock.

The *Barroso* court declined to follow *Lahey*, holding that the amendment of a pleading is not the same as commencing a new action under Florida law. *Barroso*, 958 F. Supp. 2d at 1346. Specifically, Florida Rule of Civil Procedure 1.050 states that a civil action is commenced when the complaint is filed. "Thus, commencement occurs at the filing of the complaint, and the amendment of the complaint adding a bad faith claim does not commence the action anew." *Id; see also Moultrop v. GEICO Gen. Ins. Co.*, 858 F. Supp. 2d 1342, 1346–47 (S.D. Fla. 2012) (remanding to state court because the action commences on the filing of the original pleading); *Franck v. State Farm Mut. Auto. Ins. Co.*, No. 6:11-cv-1422-Orl-22KRS, Doc. 19 (M.D. Fla. Oct. 21, 2011) (declining to apply the separate and independent claim doctrine, finding that the action commenced on the filing of the initial complaint, and remanding to State court).

### IV. ANALYSIS

For the following reasons, this Court declines to follow the separate and independent claim doctrine, thereby deeming Defendant's Notice of Removal untimely. The Court will decline, however, to award Plaintiff his attorneys' fees because Defendant had an objectively reasonable basis for seeking removal.

### A. Timeliness of Removal

This Court applies Florida law to determine when this action commenced for purposes of § 1446. *Moultrop*, 858 F. Supp. 2d at 1346 ("In general, when an action is 'commenced' for purposes of the removal statutes is determined by the law of the state where a removed action originally was filed."). Under Florida law, "[e]very action of a civil nature shall be deemed commenced when the complaint or petition is filed." Fla. R. Civ. P. 1.050. "[T]he addition of a party or claim does not commence the action anew." *Ingram v. Forbes Co.*, No. 6:13-cv-381-Orl-37GJK, 2013 WL 1760202, at *2 (M.D. Fla. Apr. 24, 2013).

Contrary to Defendant's assertion, it is not "well settled under Florida law that a bad faith claim is a cause of action 'separate and independent' of the underlying [uninsured motorist] claim." (Def.'s Resp. at 3). Viewing this matter through the prism of Florida procedural practice, a bad faith claim does not necessarily constitute a new cause of action. If it did, the amendment to assert this claim would clearly be prohibited. *See, e.g.*, *United Tel. Co. of Fla. v. Mayo*, 345 So. 2d 648, 655 n.6 (Fla. 1977) ("[T]he right to amend does not authorize plaintiff to state new and different causes of action. This pragmatic rule is mandated or [the] suit could last in perpetuity." (citations omitted)); *Cardona v. Benton Express, Inc.*, 804 So. 2d 505, 507 (Fla. 3d DCA 2001) ("[I]t is an abuse of discretion to allow an amendment if doing so injects a new cause of action."). The current case commenced when Plaintiff filed the original complaint in State court on December 22, 2006. (State Ct. Dkt. Summ. at 8). The subsequent amendment added a claim to the underlying cause of action but did not assert a new cause of action.

The Court is aware of the procedural conundrum that this ruling creates for Defendant, but the jurisdictional requirements of § 1446 leave no room for discretion. The law is clear that where there is uncertainty, this Court as a court of limited jurisdiction must favor remand. Construed narrowly, the governing law establishes that statutory bad faith is part of the underlying case; it is not an independent and separately removable case for the purposes of § 1446. Because the amendment does not commence a new action, the time for removal is

measured from the date of filing of the original complaint. The case may be timely removed only if it is originally removable or becomes removable within one year.

The Court need not determine whether this case was initially removable when filed in State court or if it is instead barred by the one year limitation on removal of diversity cases. The original complaint was filed in December 2006. Defendant did not file a Notice of Removal until January 22, 2014, over eight years after the action commenced. Removal is well outside either the thirty day or one year limitation imposed by § 1446(b). Therefore, Defendant's Notice of Removal was not timely filed.

### B.     Attorneys' Fees

Plaintiff seeks to recover attorneys' fees associated with this motion. (Doc. 10). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court agrees fully with the findings of fact and conclusions of law of the Magistrate Judge as to attorneys' fees. (Report & Recommendation at 21–22). A substantial conflict of authority exists among the federal district courts within this State, both by district and by division. *See King*, 2014 WL 4357480, at *3. Defendant had an objectively reasonable basis for seeking to remove this case.

It is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 20) is **ADOPTED in part** and made a part of this Order to the extent consistent with that stated herein.

2. Plaintiff's Motion to Remand (Doc. 9) is **GRANTED**.

3. Plaintiff's Motion for Attorney Fees (Doc. 10) is **DENIED**.

4. All other pending motions are **DENIED as moot**. (Doc. Nos. 38, 40, 47, 53).

5. This case is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, Case Number 06-CA-002655.

6. The Clerk is directed to close this case.

**DONE and ORDERED** in Orlando, Florida on September 23, 2014.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record